

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2005

# USA v. McCrae

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1702

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation
"USA v. McCrae" (2005). *2005 Decisions.* Paper 1053.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1053

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 03-1702

UNITED STATES OF AMERICA,

Appellee

v.

FELTON McCRAE,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Criminal Case No. 01-307-2)
District Judge: Hon. Curtis Joyner

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 8, 2004

Before: NYGAARD, McKEE, RENDELL, Circuit Judges

(Opinion filed:   June 8, 2005)

OPINION

McKEE, Circuit Judge.

   Felton McCrae argues that the district court erred in applying career offender and

supervisory role enhancements to the sentence imposed following acceptance of

McCrae's guilty plea.  McCrae also contends that application of the supervisory role

enhancement constituted a breach of his plea agreement.  We reject McCrae's claims on

their merits. However, for the reasons that follow, we will remand for resentencing pursuant to the Supreme Court's recent pronouncements in *United States v. Booker,* 543 U.S. ___ , 125 S. Ct. 738 (2005).

## I.

Because we write primarily for the parties, it is not necessary to recite the facts or procedural history of this case except insofar as may be helpful to our brief discussion.

McCrae pled guilty to conspiracy to import more than 500 grams of cocaine and importation of cocaine. McCrae's plea agreement included the following stipulations: (1) the substance possessed was cocaine; and, therefore, Section 2B1.1 of the Sentencing Guidelines applied to sentencing calculations, and (2) approximately 1,312 grams of cocaine were imported; and therefore, Section 1B1.3 of the Sentencing Guidelines applied. McCrae and the government also agreed that each was "free to argue the applicability of any other provision of the sentencing guidelines, including offense conduct, offense characteristics, criminal history, adjustments and departures." The government reserved the right to "[m]ake whatever sentencing recommendation as to imprisonment, fines, forfeiture, restitution and other matters which the government deems appropriate, . . . comment on the evidence and circumstances of the case, . . . [and] address the Court regarding the nature and seriousness of the offense." The "stipulations [were] not binding upon either the Probation Office or the Court," and the district court could therefore "make [independent] factual and legal determinations that differ from"

the stipulations and that may have resulted "in an increase or decrease in the Sentencing Guidelines range and the sentence . . . imposed."

McCrae's base offense level was 26, and the court added three levels for his role as a manager. McCrae was also a "career offender." The total offense level calculated in the PSR was therefore 37. McCrae's 17 prior criminal history points placed him in category VI of the guideline grid. That category is also the appropriate category for career offenders.

McCrae objected to the three-point enhancement for his supervisory role. His counsel acknowledged, however, that even if the three-point enhancement were not to be applied, McCrae's offense level would not change because of his Criminal History Category. The district court concluded that McCrae's total offense level was 34[1] and his Criminal History Category was VI. Accordingly, the court imposed a sentence of 276 months in prison.

## II.

After the court accepted McCrae's guilty plea and imposed sentence, the Supreme Court decided *United States v. Booker*. Briefly stated, "[t]he Court held that 18 U.S.C. § 3553(b)(1), the provision of the Sentencing Reform Act that makes the Guidelines mandatory, was [unconstitutional] and that it must be severed and excised [from the

---

[1]The court found that McCrae was entitled to a three-level credit for acceptance of responsibility.

3

Guidelines]." *United States v. Ordaz*, 398 F.3d 236, 239 (3d. Cir. 2005). The Court also reaffirmed the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which stated, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

Following that decision, McCrae asked to be resentenced pursuant to *Booker*. Since the district court thought the Guidelines were mandatory when it decided upon an appropriate sentencing range, we will vacate McCrae's sentence and remand for resentencing in accordance with *Booker* and the procedure we recently outlined in *United States v. Davis*, 407 F.3d 162 (3d. Cir. 2005).

### III.

For the foregoing reasons, we will vacate McCrae's sentence and remand this matter to the District Court for resentencing pursuant to the Supreme Court's recent pronouncements in *United States v. Booker,* 543 U.S. ___ , 125 S. Ct. 738 (2005). *See also United States v. Davis*, supra.

_____

4