

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2007

# USA v. McCrae

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4586

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. McCrae" (2007). *2007 Decisions.* Paper 1663.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1663

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4586

UNITED STATES OF AMERICA

v.

FELTON MCCRAE,
                              Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 01-cr-00307-2
District Judge:  The Honorable J. Curtis Joyner

Submitted Under Third Circuit LAR 34.1(a)
January 29, 2007

Before: BARRY, ROTH, <u>Circuit Judges</u>, and DEBEVOISE,[*] <u>District Judge</u>

(Opinion Filed: February 7, 2007)

OPINION

---

[*] The Honorable Dickinson R. Debevoise, Senior District Judge, United States District Court for the District of New Jersey, sitting by designation.

BARRY, Circuit Judge

Appellant, Felton McCrae, argues that the District Court did not adequately discuss the relevant sentencing factors at his re-sentencing hearing. We will affirm.

## I.

On June 6, 2001, McCrae was indicted for conspiracy to import cocaine, and aiding and abetting the importation of cocaine. McCrae pleaded guilty to both counts on December 10, 2001. Because of his extensive criminal history, he was deemed a career offender and his Guidelines range was calculated as 262 to 327 months. On March 3, 2003, he was sentenced to 276 months imprisonment, eight years supervised release, a $1000 fine, and a $200 special assessment.

On appeal, we rejected McCrae's substantive challenges and remanded the case to the District Court for re-sentencing in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. McCrae, 133 Fed. Appx. 837 (3d Cir. 2005). Following a discussion of McCrae's lengthy criminal past, history of recidivism, inability to rehabilitate, and the need to protect society and mete out a just penalty, the District Court re-imposed its original sentence. McCrae timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## II.

In the wake of the Supreme Court's ruling in Booker, we have held that district courts must give "meaningful consideration to the § 3553(a) factors" in arriving at a

reasonable sentence. United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006).  District courts need not discuss meritless arguments or make explicit findings as to all of the § 3553(a) factors so long as it is clear from the record that the court considered the factors and any other meritorious arguments made by counsel. Id.; see also United States v. Parker, 462 F.3d 273, 279 (3d Cir. 2006).  In those instances when the defendant has not objected, at sentencing, to the district court's failure to properly articulate the reasons for the sentence, as McCraw did not object here, we review for plain error. See Parker, 462 F.3d at 278.

McCrae argues before us that the District Court "failed to articulate how the sentence was consistent with the factors set forth in 18 U.S.C. § 3553(a)." Appellant's Br. at 3.  We disagree.  At the re-sentencing hearing, the Court asked McCrae's counsel to explain why "the sentence that this Court previously imposed upon [McCrae] is not an appropriate sentence." App. at 3.  Counsel responded by referencing the § 3553(a) factors, including "deterrence, protection of the community, rehabilitation of this defendant and other correctional concerns." Id. at 4.  Over the course of the remainder of the hearing, the Court discussed each of these factors.  The Court asked about the need to protect the "rest of society" given McCrae's extensive criminal history and "refus[al]" to "turn [his] life around" despite numerous "opportunities to walk the straight and narrow." Id. at 5, 10–12.  The Court expressed doubt that prison anger management classes which McCrae attended "like every other week" would rehabilitate him after his years of

"liv[ing] [the] good life," and observed that McCrae "put himself in [a] bad place over a long period of time" and now had to "pay the penalty." Id. at 8, 12. Finally, the Court explained that its original sentence of 276 months imprisonment, which was at the lower end of the Guidelines range, was itself an exercise of lenience which the Court felt was warranted because of "the potential for [McCrae] to do something with his life after he served the sentence." Id. at 13.

Although the Court did not explicitly rule on all of the § 3553(a) factors, it is clear that all of the relevant factors were thoughtfully considered and incorporated into the final sentence. We do not require more.[1] See United States v. Jackson, 467 F.3d 834 (3d Cir. 2006); Parker, 462 F.3d at 278.

**III.**

For the foregoing reasons, we will affirm the judgment of sentence.

---

[1] Because we find that the District Court did not err in its explanation of the sentence it imposed, there is no need to conduct a plain error analysis.